# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEAN SIMS, | : | |
|     Petitioner, | : | PRISONER CASE NO. |
| | : | 3:10-CV-1852 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | MAY 18, 2011 |
|     Respondent. | : | |

**RULING RE: PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 1]**

**I.    OVERVIEW**

The petitioner, Dean Sims ("Sims"), currently confined by the Bureau of Prisons, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging his conviction pursuant to a guilty plea on a single charge of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. For the reasons set forth below, the Petition is denied.

**II.    PROCEDURAL BACKGROUND**

On December 20, 2004, Sims pled guilty to a charge of conspiracy to distribute 50 grams or more of cocaine base. This court continued sentencing to afford Sims the opportunity to confer with the government concerning a safety-valve proffer, pursuant to 18 U.S.C. § 3553. The continued sentencing hearing was conducted on June 15, 2005, at which Sims was sentenced to the statutory mandatory minimum of 120 months' imprisonment.

Sims appealed his conviction and sentence to the Court of Appeals for the Second Circuit. On May 9, 2008, the Court of Appeals unanimously affirmed Sims's

1

conviction and sentence. See United States v. Sims, 277 Fed. Appx. 99 (2d Cir. 2008). In its Summary Opinion, the Court of Appeals held that (1) Sims waived his safety-valve argument because he consistently declined the District Court's suggestion that he consider making a safety-valve proffer, and (2) the District Court did not abuse its discretion when it sentenced Sims to the statutory minimum, because Sims unambiguously admitted that he conspired to distribute more than 50 grams of cocaine base. Id. at 100-01. The Court of Appeals declined to review Sims's ineffective assistance of counsel claim because it held that the record on appeal was insufficient to adjudicate the claim. Id. at 102. Sims declined to file a petition for writ of certiorari to the United States Supreme Court.

On November 29, 2010, Sims commenced this action. Sims's principal claim is that his sentence should be vacated because he received ineffective assistance of counsel. Sims claims that his attorney did not properly advise him that his guilty plea would subject him to the statute's mandatory minimum sentence of 120 months' incarceration, and that his attorney failed to argue that some of the cocaine base involved in the offense was for Sims's personal use, and thus should not have been counted by the District Court in reaching the 50 gram minimum. The Government argues that Sims's Petition should be denied because (1) his petition is untimely, (2) his claims are not cognizable under 28 U.S.C. § 2255, and (3) he did not receive ineffective assistance of counsel.

## III. STANDARD OF REVIEW

Under section 2255, a federal petition for a writ of habeas corpus is subject to a one year statute of limitations. 28 U.S.C. § 2255(f). The statute of limitations begins

running upon the occurrence of the latest of four events. Id. Here, the statute of limitations began to run on "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final on the date the Supreme Court of the United States affirms a petitioner's conviction, denies a petition for certiorari, or when the time for filing a petition for certiorari has expired. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality [of a judgment] attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.")

The one year statute of limitations is not a "jurisdictional bar." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Thus, the court, in its discretion, may equitably toll the statute of limitations period. See id. However, a court can only equitably toll the statute of limitations in "rare and exceptional circumstance[s]." Id. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008).

## IV.    DISCUSSION

Because the court finds that Sims's Petition is time barred by the one year statute of limitations, it will not address the Government's latter two claims. Petitions made after the one year statute of limitations are generally not heard, regardless of the claims made by the petitioner. Thus, because Sims faces a procedural bar, the court will not rule on his substantive claims.

In Sims's case, the statute of limitations to file a section 2255 petition began

running when his conviction became final. Because he did not seek a writ of certiorari from the United States Supreme Court, Sims's conviction became final when the time for filing such a petition expired. The Court of Appeals for the Second Circuit affirmed Sims's conviction and sentence on May 9, 2008. At this point, Sims had until August 7, 2008, to file for a petition for writ of certiorari, which was 90 days after the Second Circuit handed down its decision. Sims failed to do so, and therefore the statute of limitations began to run on August 8, 2008. Sims filed this action on November 29, 2010, which is over two years after the statute of limitations began to run. Therefore, Sims's action is clearly time barred.

Sims has not claimed that he is entitled to equitable tolling of the statute of limitations. Furthermore, the claims Sims makes in his Petition do not show that Sims has been "pursuing his rights diligently" and that "extraordinary circumstances stood in his way" from filing his Petition on time. However, because Sims has not attempted to carry his burden of proving that the court should equitably toll the statute of limitations, the court will deny Sims's Petition without prejudice to filing an amended petition, within 30 days of the date of this Ruling, in which he can seek to show why he is entitled to equitable tolling of the statute.

V.     CONCLUSION

Accordingly, for the foregoing reasons, the court **DENIES** Sims's Petition **[Doc. No. 1]** because it is time barred. Because Sims has not attempted to prove that he is entitled to equitable tolling of the statute of limitations, however, Sims will be given 30 days from the date of this Ruling to file an amended petition in which he can seek to

4

carry his heavy burden of showing that the court should toll the statute of limitations. Sims's amended petition should contain any facts that show that extraordinary circumstances prevented him from filing his original Petition on time and that he pursued his rights diligently up until this point. If Sims fails to file within the time to amend, the Petition will be denied and judgment will enter. Furthermore, if Sims fails to file an amended petition within 30 days, a certificate of appealability will not issue, because the court concludes that, based on the pending Petition, reasonable jurists would not find it debatable that the Petition is time barred.

**SO ORDERED**

    Dated at Bridgeport, Connecticut, this 18th day of May, 2011.

                                             /s/ Janet C. Hall
                                             Janet C. Hall
                                             United States District Judge